IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELITA SAMPLE,<br><br>          Plaintiff,<br><br>   v.<br><br>FRANK O'HARA, et al.<br><br>          Defendants.<br>_____ / | No. C 10-05882 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF; DENYING PLAINTIFF'S MOTION TO OBTAIN DRIVING RECORDS** |

On April 8, 2011 and again on May 13, 2011, the Court heard argument on the motion to dismiss filed by defendants Frank O'Hara and Tina Bell. Having considered the arguments of plaintiff and counsel, and the papers submitted, the Court hereby GRANTS defendants' motion. This dismissal is with prejudice to plaintiff's right to bring claims on her own behalf. This dismissal is without prejudice to plaintiff's right to bring claims on her daughter's behalf, as long as the claims are brought within the limitations period, and as long as plaintiff is represented by an attorney. Plaintiff's motion for injunctive relief and plaintiff's motion to obtain driving records are DENIED as moot.

**BACKGROUND**

Pro se plaintiff Felita Sample filed her complaint on December 27, 2010. She alleges violations of the Fourteenth Amendment, the Americans with Disabilities Act, the Rehabilitation Act, and No Child Left Behind. Plaintiff alleges that there is no reserved seating for disabled persons on First Student School Bus buses, that her daughter is disabled, and her daughter needs designated disabled seating. Plaintiff also alleges that she has ridden to school with her daughter on several occasions, that plaintiff is disabled, and that plaintiff requires reserved disabled seating. Plaintiff also alleges that her

1  daughter is being bullied on the school bus, and that the bus driver has refused to allow plaintiff's
2  daughter to sit in the front of the school bus so that she will not be bullied. Plaintiff does not explain
3  who defendants Bell and O'Hara are, or why she sued them. Plaintiff does not explain what her
4  daughter's disability is or what hers is.

5  In her opposition to defendants' motion to dismiss, plaintiff provides more information. She
6  clarifies that defendant Bell is the driver of her daughter's school bus. Defendant O'Hara appears to
7  be another employee of the bus company, and the person that plaintiff complained to about the lack of
8  disabled seating on the school bus. Plaintiff explains that her Fourteenth Amendment claim is for race
9  discrimination, and that defendant O'Hara was dismissive of plaintiff's concerns about the lack of
10 disabled seating because plaintiff is African-American.

11 Defendants filed a motion to dismiss on February 16, 2011. On March 30, plaintiff filed a
12 motion for injunctive relief to ground the entire bus system of First Transit, Inc. On April 18, plaintiff
13 filed a motion to obtain defendant Bell's driving record from First Transit, Inc. On April 27, plaintiff
14 sent a letter to the Court regarding defendants' attorney.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions

2

of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

**I.    Defendants' motion to dismiss**

Plaintiff appears to object to the fact that defendant filed a motion to dismiss at all, arguing that defendant should have filed a responsive pleading instead. The Federal Rules of Civil Procedure, which are the rules that govern how cases such as this one may proceed, allows a defendant to file a timely motion to dismiss before filing a responsive pleading; and it allows a defendant to wait to file a responsive pleading until after the motion to dismiss has been ruled on. *See* Fed. R. Civ. P. 12. Defendants' motion is perfectly proper, and the Court will rule on it.[1]

---

[1] Additionally, in a letter to the Court, plaintiff argues that defendants take advantage of litigants who are representing themselves by filing motions to dismiss. Again, it is proper for a defendant to file a motion to dismiss if the defendant believes that the plaintiff has failed to state a legal claim that could entitle the plaintiff to relief, whether the plaintiff is represented by an attorney or not. Although the Court will construe a pro se plaintiff's pleadings liberally and give the pro se plaintiff the

3

**II. Plaintiff's ability to bring suit without being represented by a lawyer**

It is not clear whether plaintiff is attempting to bring claims on her own behalf or on behalf of her daughter. Although she has not named her daughter as a plaintiff in this case, she does seem to be basing at least some of her claims on what she sees as unlawful treatment of her daughter, and she requests certain relief on behalf of her daughter.

This question is important because a non-attorney parent cannot bring a lawsuit on behalf of a minor child without retaining a lawyer. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). If a non-attorney parent attempts to bring a lawsuit on behalf of a minor child without retaining a lawyer, then the district court should dismiss the lawsuit, without prejudice to the parent's right to bring a claim on her child's behalf, as long as the claim is brought within the limitations period, and as long as plaintiff is represented by an attorney. *Id.* at 877.

To the extent that plaintiff is attempting to bring claims without a lawyer on behalf of her daughter, the Court must dismiss those claims. Plaintiff may only file a new complaint on behalf of her daughter if she is represented by an attorney.[2]

**III. Plaintiff's claims**

**A. No Child Left Behind**

Plaintiff states in her complaint that No Child Left Behind is meant to protect a student from the moment that she leaves home until the time that she returns home, and that it is meant to protect students from bullying. Plaintiff does not argue that No Child Left Behind protects *her*, or that *she* is being bullied. Rather, she argues that No Child Left Behind protects her daughter, and that her daughter is

---

benefit of any doubt, a pro se plaintiff must still allege facts that are sufficient to state a legal claim, just like a plaintiff who is represented by an attorney. *See Bretz*, 773 F.2d at 1027 n.1; *Ivey*, 673 F.2d at 268.

[2] In a letter to the Court, plaintiff wrote that she thought that the Court had ordered the defendants to permit her daughter to ride the special education bus. *See* Doc. 29 at 2. At the April 8 hearing, the Court asked about the possibility that plaintiff's daughter could ride the special education bus. But the Court did not order defendants to do anything. Additionally, because plaintiff is not permitted to bring a lawsuit on behalf of her daughter without being represented by an attorney, the Court cannot provide any relief to plaintiff's daughter in this case. The Court cannot order defendants to permit plaintiff's daughter to ride the special education bus.

4

being bulled. As explained above, plaintiff cannot bring claims on behalf of her minor daughter without being represented by an attorney. Therefore, plaintiff's No Child Left Behind claim is DISMISSED WITHOUT PREJUDICE. Plaintiff may only file a new claim on behalf of her daughter for violation of No Child Left Behind if she is represented by an attorney.

### B. Americans with Disabilities Act

Plaintiff appears to allege in her complaint that defendants violated Part B of Title II of the Americans With Disabilities Act ("ADA") by failing to make sure that she and her daughter could gain physical access to her daughter's school bus, and failing to provide alternate paratransit services.

As explained above, plaintiff cannot bring claims on behalf of her minor daughter without being represented by an attorney. To the extent that plaintiff is bringing an ADA claim on her daughter's behalf, the claim is DISMISSED WITHOUT PREJUDICE. Plaintiff may only file a new claim on behalf of her daughter for violation of the ADA if she is represented by an attorney.

Plaintiff has also failed to state a claim on her own behalf. Part B of Title II of the ADA explains what actions of "designated public transportation" systems might be considered discriminatory, and it imposes certain accessibility and paratransit requirements. *See* 42 U.S.C. §§ 12141–12165. The act explicitly states that the term "designated public transportation" *does not* include "public school transportation." 42 U.S.C. § 12141(2). Thus, the accessibility requirements and paratransit requirements contained in Part B of Title II do not apply to defendants. Plaintiff will not be able to amend her complaint in a way that will avoid this problem.[3] To the extent that plaintiff is bringing an

---

[3] Even if plaintiff meant to bring her claim under Part A of Title II, rather than Part B, she will not be able to state a claim. She does not allege that she has been "excluded from" or "denied the benefits of" any service, program, or activity of a public entity; or that she has been "subjected to discrimination by" any public entity. *See* 42 U.S.C. § 12132. In certain circumstances, a disabled parent may be entitled to certain accommodations from the public school attended by her child, such as accommodation necessary to allow the school to communicate with the parent. *See, e.g.,* 28 C.F.R. § 35.160; Appendix A to Part 35 (Guidance to Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability in State and Local Government Services) (September 15, 2010), *available at* http://www.ada.gov/regs2010/titleII_2010/titleII_2010_regulations.htm#a2010guidance. Even assuming that Part A of Title II protects a disabled parent who wishes to ride her daughter's school bus, it does not appear that plaintiff can state a claim against defendants. Plaintiff has been able to accompany her daughter to school on multiple occasions. Plaintiff wants certain additional accommodations for herself when she rides the bus, but those accommodations do not appear to be

ADA claim on her own behalf, the claim is DISMISSED WITH PREJUDICE.[4]

### C. Section 504 of the Rehabilitation Act[5]

Plaintiff does not explain the basis for her Rehabilitation Act claim in her complaint. In her opposition to this motion to dismiss, however, she seems to say that the Rehabilitation Act requires that defendants reserve seats for disabled persons.

As explained above, plaintiff cannot bring claims on behalf of her minor daughter without being represented by an attorney. To the extent that plaintiff is bringing a Rehabilitation Act claim on her daughter's behalf, the claim is DISMISSED WITHOUT PREJUDICE. Plaintiff may only file a new claim on behalf of her daughter for violation of the Rehabilitation Act if she is represented by an attorney.

Plaintiff has also failed to state a claim on her own behalf. Section 504 of the Rehabilitation Act reads as follows:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). Even assuming that Section 504 of the Rehabilitation Act protects a disabled parent who wishes to ride her daughter's school bus, it does not appear that plaintiff can state a claim against defendants. Plaintiff does not argue that she has been "excluded from" or "denied the benefits of" or been "subjected to discrimination under any service or activity." Plaintiff has been able to accompany

required by law.

---

[4] Plaintiff has filed a motion for injunctive relief that is based on her ADA claim, and in which she cites to Department of Transportation ADA regulations. Because the Court is dismissing plaintiff's ADA claim, plaintiff is not entitled to any relief on that claim. Therefore, her motion is DENIED AS MOOT. Additionally, like Part B of Title II of the ADA, the regulations that plaintiff cites do not apply to school buses. *See* 49 C.F.R. 37.27 ("The requirements of this part do not apply to public school transportation.").

[5] Plaintiff mistakenly referred to Section 505 of the Rehabilitation Act in her complaint. Section 505 is applicable to employment discrimination claims. *See* 29 U.S.C. § 794a. In her opposition to this motion to dismiss, plaintiff clarified that she intended to bring her claim under Section 504.

6

her daughter to school on multiple occasions. Plaintiff wants certain additional accommodations for herself when she rides the bus, but those accommodations do not appear to be required by law. To the extent that plaintiff is bringing a Rehabilitation Act claim on her own behalf, the claim is DISMISSED WITH PREJUDICE.

### D.     Fourteenth Amendment

In her opposition to her motion to dismiss, plaintiff explains that her Fourteenth Amendment claim is a claim of race discrimination, and that defendant O'Hara was dismissive of plaintiff's concerns about the lack of disabled seating because plaintiff is African-American.

In order to bring a claim for race discrimination in violation of the Fourteenth Amendment, plaintiff would need to bring a claim under 42 U.S.C. § 1983, which is a statute that gives a person the right to sue a person acting under color of state law (a government actor) for violating her constitutional rights. Plaintiff's claim would be that defendant O'Hara refused to provide plaintiff and her daughter with disabled seating on the school bus, and that he did so because plaintiff is African-American. Essentially, the argument would be that she and her daughter were denied equal protection of the laws because of their race.

As explained above, plaintiff cannot bring claims on behalf of her minor daughter without being represented by an attorney. To the extent that plaintiff is bringing a Fourteenth Amendment claim on her daughter's behalf, the claim is DISMISSED WITHOUT PREJUDICE. Plaintiff may only file a new claim on behalf of her daughter for violation of the Fourteenth Amendment if she is represented by an attorney.

Plaintiff has also failed to state a claim on her own behalf. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Plaintiff argues that defendant O'Hara should have provided her with disabled seating on her daughter's school bus, and that the only reason he did not was because she is African-American. As explained above, however, plaintiff is not entitled to disabled seating on her daughter's school bus. Plaintiff does

not provide any factual basis for her belief that defendant O'Hara intended to discriminate against her. That plaintiff is African-American is not sufficient to support her claim for violation of the Fourteenth Amendment. To the extent that plaintiff is bringing a Fourteenth Amendment claim on her own behalf, the claim is DISMISSED WITH PREJUDICE.[6]

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss. (Doc. 9.) This dismissal is with prejudice to plaintiff's right to bring claims on her own behalf. This dismissal is without prejudice to plaintiff's right to bring claims on her daughter's behalf, as long as the claims are brought within the limitations period, and as long as plaintiff is represented by an attorney.

Plaintiff's motion for injunctive relief and plaintiff's motion to obtain driving records are DENIED AS MOOT. (Docs. 19 & 26.)

**IT IS SO ORDERED.**

Dated: May 13, 2011

SUSAN ILLSTON
United States District Judge

---

[6] Plaintiff has also filed a motion in which she requests defendant Bell's driving record. Because plaintiff's case has been dismissed in its entirety, plaintiff is not entitled to any discovery. Therefore, plaintiff's motion is DENIED AS MOOT.

8